IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RACHAEL G. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:25-cv-00007 |
| ) | |
| v. ) | |
| ) | |
| FORSYTH COUNTY, ) | By: Michael F. Urbanski |
| ) | Senior United States District Judge |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the court on defendant's motion to dismiss, ECF No. 10. Defendant asks the court to dismiss plaintiff's Americans with Disabilities Act ("ADA") claims as time barred. For the reasons stated below, defendant's motion to dismiss, ECF No. 10, is **GRANTED**.

I. Background

Plaintiff Rachael G. Graham was hired by defendant Forsyth County ("the County") as a tax auditor for the Forsyth County Tax Administration Office on July 11, 2016. Compl., ECF No. 1 ¶ 1. In late 2017, plaintiff began suffering from health issues that qualified as disabilities, "[s]pecifically … fibroids, low iron binding capacity anemia, and degenerated discs in her spine." Id. ¶ 13. Plaintiff's health issues caused a variety of symptoms which impacted her ability to drive, a component of her job. Id. ¶ 16. Plaintiff submitted her Family Medical Leave Act ("FMLA") medical documents to the County in July 2020, outlining her health conditions and necessary accommodations, which were met until plaintiff's manager left her position toward the end of 2020. Id. ¶¶ 16–17.

1

In February 2021, plaintiff resubmitted her FMLA paperwork at the request of the County, following which Human Resources ("HR") contacted plaintiff and asked that she submit formal ADA accommodation documentation. Id. ¶¶ 18–19. Plaintiff met with her doctor, who believed the FMLA paperwork and accommodations therein would be sufficient. Id. ¶ 20. Plaintiff attempted to contact HR and did not receive a response. Id. Plaintiff reached out to her manager, who informed her that she needed to speak to HR. Id. ¶ 21. Plaintiff continued taking FMLA leave as necessary and there was no further discussion regarding her accommodations at that time. Id. ¶ 22.

Beginning in February 2021, the County's Tax Director, John Burgiss, and Senior Tax Manager, Brianna Collins, would sit in the cubicles adjacent to plaintiff's cubicle and would monitor plaintiff's daily activities. Id. ¶ 41. In the following months, Ms. Collins would monitor the length and frequency of plaintiff's restroom breaks and report the information to HR. Id. ¶ 43.

Beginning in June 2021, plaintiff was directed to attend weekly meetings with Mr. Burgiss and Ms. Collins—meetings that no other tax auditor was required to attend. Id. ¶ 23. Plaintiff was not under any improvement plan and had no performance related issues when these meetings were mandated. Id. ¶ 23. At one of the weekly meetings, plaintiff was asked about her use of bereavement leave and was further asked to provide documentation that the leave was permitted under the bereavement policy, a requirement that plaintiff believes no other tax department employee was obligated to perform. Id. ¶¶ 24–25.

In July 2021, Ms. Collins "tripled plaintiff's work quota volume while maintaining the same deadlines for completion." Id. ¶ 44. Ms. Collins and an HR member also repeatedly

2

questioned plaintiff's coworkers on their relationship with plaintiff throughout July 2021, which created a "hostile environment." Id. ¶ 47.

On July 12, 2021, plaintiff experienced a medical episode while driving, following which the County rescinded previously granted accommodations.[1] Id. ¶ 26. Plaintiff was asked to go home rather than work in the office. Id. ¶ 27. The next day, when plaintiff was again asked to go home rather than work in-office, she reached out to HR, which reiterated its request for formal documentation of ADA accommodations. Id. ¶¶ 27–29. Thereafter, plaintiff submitted the formal accommodation request in which her doctor indicated that she be given flexibility in her schedule so that she could avoid driving when she had flare ups of her medical symptoms. Id. ¶¶ 30–31. The County rejected plaintiff's accommodations request, at which time plaintiff proposed alternative accommodations, which the County also rejected. Id. ¶¶ 32–35. On September 3, 2021, the County required plaintiff to either accept a demotion or be terminated from her employment and stated that driving was an essential part of the job. Id. ¶¶ 36–37. The County had never documented driving as essential prior to plaintiff's request for accommodations. Id. ¶ 52. This demotion halved plaintiff's salary and her new position eliminated her eligibility for raises, benefits, and participation in the North Carolina Retirement System. Id. ¶ 39.

Plaintiff originally filed her discrimination claims in Guilford County Superior Court on December 22, 2022, 90-days[2] following her receipt of the Right-to-Sue letter from the

---

[1] The complaint does not outline which accommodations were rescinded following this incident.
[2] The actual time between receipt of the Right-to-Sue letter and the state complaint was 93 days, and no information was provided on this timeline in either the federal or state complaint. See ECF No. 1; ECF No. 15. The 3-day gap may be attributable to the "mailbox rule" of the Federal Rules of Civil Procedure. See Wright v. Hertford Cnty. Bd. Educ., No. 2:23-CV-30-D, 2024 WL 85926, at *6

Equal Employment Opportunity Commission ("EEOC"). Compl., ECF No. 1 ¶ 6. Plaintiff transferred the case to Forsyth County Superior Court in March 2023. Id. ¶ 8. Plaintiff voluntarily dismissed her state court action on January 8, 2024. Id. ¶ 9.

Plaintiff filed her federal complaint in this matter on January 7, 2025, 365 days following the dismissal of her state action, asserting claims for discrimination in violation of the ADA, failure to accommodate in violation of the ADA, and hostile work environment in violation of the ADA. Id. ¶¶ 58–74. Plaintiff seeks judgment for lost wages and benefits, injunctive relief, an order for plaintiff's reinstatement,[3] compensatory damages, attorney's fees, and any other relief the court deems just and proper. Id. at 14.

Defendant Forsyth County moved to dismiss the federal complaint on March 3, 2025. Mot. Dismiss, ECF No. 10. The County seeks dismissal of plaintiff's claims, stating that plaintiff's suit is barred under the 90-day statute of limitations. Mem. Supp. Def.'s Mot. Dismiss, ECF No. 11 at 5 (hereinafter "MTD"). Plaintiff filed a brief in opposition on March 17, 2025. Pl.'s Resp. Opp'n. Def.'s Mot. Dismiss, ECF No. 12 (hereinafter "Opp."). Plaintiff attached three exhibits to her opposition: a set of emails regarding plaintiff's former counsel withdrawing, ECF No. 12-1, a motion to withdraw filed by her former counsel, ECF No. 12-2, and a letter from plaintiff's prior counsel discussing the voluntary dismissal from state court, ECF No. 12-3. The County filed a reply in support of its motion to dismiss on March 31,

---

n. 1 (E.D.N.C. Jan. 8, 2024) ("Although the old section (e) in Rule 6 no longer exists, courts still apply the three-day mailbox rule in Rule 6(d) to the 90 day EEOC filing period.").

[3] The federal complaint asks for plaintiff's reinstatement, or in the alternative, front pay and benefits in an appropriate amount. Compl., ECF No. 1 at 14. The federal complaint does not specify whether the reinstatement refers to plaintiff's previous position or to her employment; however, the state court complaint asks for reinstatement to plaintiff's previous position. See ECF No. 15 at 8.

4

2025. Def.'s Reply Supp. Mot. Dismiss, ECF No. 13 (hereinafter "Reply"). A hearing on the motion to dismiss was held on June 24, 2025. During the hearing, the court asked plaintiff's counsel to file on the docket the original state court complaint filed in Guilford County, which counsel then filed. See ECF No. 15. The court takes judicial notice of the state court complaint pursuant to Rule 201 of the Federal Rules of Evidence.

II.  **Standard of Review**

Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). See ECF No. 10. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Id. at 679; see also Simmons v. United Mortg. & Loan Invest., 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, see Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005).

5

Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6), a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)).

### III. Motion to Dismiss

Defendant moved to dismiss the complaint on the grounds that plaintiff's claims were barred by the 90-day statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1) and should not be subject to equitable tolling. See MTD at 3. Defendant argues that plaintiff's complaint was filed outside the statute of limitations and the claim is time-barred. MTD at 5–6; see also Meridian Inv., Inc. v. Fed. Home Loan Mort. Corp., 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the face of the complaint includes all necessary facts for the defense to prevail.") (internal quotation marks omitted). The County cites unpublished case law from the Fourth Circuit to support its claim. MTD at 6–8. Plaintiff raises three arguments in response: first, that because there is a lack of binding precedent, the state court and plaintiff could not have reasonably anticipated that voluntary dismissal in state court would not toll the

6

statute of limitations; second, that the Reverse Erie doctrine applies such that the court may apply a North Carolina statute to save plaintiff's claim; and third, that the court should apply equitable tolling based on the statements made by the state court. Opp. at 5–6. The court addresses each argument in turn.

### A. Tolling of Statute of Limitations

Plaintiff argues that the statute of limitations should be tolled because the lack of published or precedential cases did not sufficiently inform plaintiff of the time-barring effect her voluntary dismissal would create. Opp. at 5. However, the Fourth Circuit has held that the statute of limitations is not tolled for EEOC Right-to-Sue complaints that are voluntarily dismissed. See Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 239 (4th Cir. 2012) ("A Title VII[4] complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period.") (unpublished); Aziz v. Orbital Scis. Corp, 165 F.3d 17, 17 (4th Cir. 1998) ("A dismissal without prejudice does not toll the statutory period for filing an action.") (unpublished). While these cases are not precedential, they are persuasive that a voluntary dismissal does not toll the statute of limitations for an ADA claim.

Plaintiff further argues that, because there is no binding precedent regarding the application of state savings statutes to federal claims, plaintiff could not have known the North Carolina savings statute would not apply. Opp. at 6. However, the Fourth Circuit has denied the use of a state savings clause to toll federal claims. See Birch v. Peters, 25 F. App'x 122, 123 (4th Cir. 2001) ("Where [...] a plaintiff voluntary dismisses a lawsuit that was brought in federal

---

[4] References to Title VII precedent for the purpose of the ADA are proper "[b]ecause the ADA echoes and expressly refers to Title VII, and because the two statutes have the same purpose ... courts have routinely used Title VII precedent in ADA cases." Fox v. GMC, 247 F.3d 169, 176 (4th Cir. 2001).

7

court, asserted a purely federal claim, and was subject to a federal statute of limitations, state savings statutes do not apply.") (unpublished); Stokes v. Pullen, 122 F.3d 1062, 1062 (4th Cir. 1997) (similar) (table); see also Crain v. Gaston Cnty. Bd. of Educ., No. 3:15-CV-00188-GCM, 2015 WL 6449413, at *3–4 (W.D.N.C. Oct. 23, 2015) (finding that "[b]ecause the ADA's statute of limitations is a matter of federal law, the North Carolina procedural rule [the savings statute] is not applicable to [plaintiff's] claims"); McDowell v. Valley Health Sys., No. 5:25-CV-00002, 2025 WL 1456273, at *3–5 (W.D. Va. May 21, 2025) (dismissing Title VII claims as time-barred as Virginia's nonsuit tolling statute did not apply "because Congress has prescribed a statute of limitations for Title VII claims"). While these cases are not binding, their analyses are comprehensive and persuasive in showing that a state savings statute does not apply to a federal claim in federal court.

Here, plaintiff received her Right-to-Sue letter on September 20, 2022, and filed the present action on January 7, 2025, more than two years later. As her voluntary dismissal did not toll the 90-day period and the state savings statute does not apply to federal claims in federal court, the present suit is untimely.

### B. Reverse Erie

Plaintiff argues that, under the Reverse Erie doctrine, her state court filing used state procedural law, was dismissed under state procedural law, and was refiled under state procedural law, and thus state procedural law should govern the claim even if she refiled in federal court. Opp. at 6–7. Reverse Erie is a doctrine requiring that, where state substantive law is applied in admiralty and maritime cases, the substantive state law does not conflict with substantive federal law such that the cases should have similar results. See Offshore Logistics,

Inc. v. Tallentire, 477 U.S. 207, 223 (1986) ("[T]he extent to which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards."); Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 161–62 (1920) (finding that states cannot enact legislation that would materially interfere with maritime law). Plaintiff relies upon Felder v. Casey, 487 U.S. 131 (1988), to argue this point; however, this case is inapposite to her claim. Felder does not allow state procedure to govern but instead states that "where state courts entertain a federally created cause of action, the federal right cannot be defeated by the forms of local practice." Felder, 487 U.S. at 138 (internal quotation marks omitted). The Reverse Erie doctrine is inapplicable to the present case.

### C. Whether Equitable Tolling Should Apply

Finally, plaintiff argues that equitable tolling is warranted due to statements made by the state court and plaintiff's former counsel at the time of plaintiff's state court dismissal. Opp. at 7. Equitable tolling is a doctrine by which a plaintiff may toll the statute of limitations for an action which she has pursued but has, for some extraordinary reason, been prevented from filing timely. Arellano v. McDonough, 598 U.S. 1, 6 (2023). It is presumed that any non-jurisdictional federal statute of limitations is subject to equitable tolling. Irwin v. Dep't Veteran Affairs, 498 U.S. 89, 95–96 (1990). However, the application of equitable tolling is rare, and the Fourth Circuit has emphasized the guarded nature with which to approach equitable tolling, leaving it only for extraordinary circumstances beyond plaintiff's control. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of

individualized hardship supplant the rules of clearly drafted statutes."). To apply equitable tolling "a plaintiff must establish '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Edmonson v. Eagle Nat'l Bank, 922 F.3d 535, 548 (4th Cir. 2019) (quoting from Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250 (2016)).

The diligence required for equitable tolling is a reasonable effort to pursue one's claims despite the obstacles. See Williams v. Garland, 59 F.4th 620, 636 (4th Cir. 2023) (a plaintiff must "demonstrate, based on the totality of the circumstances, that he made a 'reasonable' effort to pursue his claims in the face of extraordinary obstacles standing in his way"); Holland v. Florida, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.") (internal quotations omitted); see also Hinton v. Cheney, 9 F.3d 1543, 1543, 1993 WL 460651, *4 (4th Cir. 1993) (affirming denial of equitable tolling on issues of diligence where plaintiff filed suit in the wrong forum, did not appeal the dismissal from the forum and waited an additional period of time before filing in the correct forum) (table).

Even if a plaintiff can show reasonable diligence, she must also show that there were extraordinary circumstances outside of her control that led to her late filing. Edmonson, 922 F.3d at 549. Courts have defined extraordinary circumstances as those entirely outside of plaintiff or counsel's control and not due to any negligence from the plaintiff or counsel. See, e.g., Harris, 209 F.3d at 331 ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in."); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 322

10

(4th Cir. 2011) ("[A] plaintiff should not lose the Right-to-Sue because of fortuitous circumstances or events beyond her control.") (table). For example, in Ish v. Arlington County Virginia, 918 F.2d 955 (4th Cir. 1990), plaintiff filed her pro se complaint on the final day of the Right-to-Sue period but court staff instructed her to delay paying the filing fee until her in forma pauperis application was ruled on. The next day the magistrate judge denied plaintiff's application, and plaintiff returned to the court and paid the filing fee, making her filing fall outside of the statute of limitations. Id. at 955. The district court equitably tolled the "90-day statute of limitations in 42 U.S.C. § 2000e–5(f)(1) to exclude any time after [plaintiff] first appeared" to file her complaint. Id. The Fourth Circuit affirmed this aspect of the district court's grant of equitable tolling, stating "[t]he facts in this case seem to be exactly the type suitable for [] equitable tolling." Id. Similarly, in Coleman v. Talbot County Detention Center, 242 F. App'x 72 (4th Cir. 2007), plaintiff's counsel had requested that the Right-to-Sue letter be sent to him. Id. at 73. Plaintiff thereafter moved residences. Id. The Right-to-Sue letter was then sent to plaintiff's previous address but with no copy sent to plaintiff's counsel, even though the EEOC operations manual "directed that a copy be sent to a party's attorney if an appropriate request had been made." Id. Plaintiff's counsel requested a new Right-to-Sue letter and timely filed the complaint in accordance with the reissued letter, but the district court held that the suit was untimely. Id. The Fourth Circuit reversed, finding that the late filing was the fault of the EEOC for not sending the letter to plaintiff's counsel and that such a failure warranted equitable tolling. Id. at 74.

Here, plaintiff fails to demonstrate that equitable tolling should apply. Though plaintiff's filing of her state and federal actions within the statutory timeframes plaintiff

11

believed she had supports plaintiff's claim that she pursued her rights diligently, see Edmondson, 922 F.3d at 548, plaintiff filed both actions on the final available day of each time period—the 90th and 365th day, respectively—which can undercut plaintiff's argument for diligence. See Hinton, 9 F.3d 1543, 1993 WL 460651 at *4. Even if the court were to find that plaintiff has pursued her claims diligently, the court cannot apply equitable tolling as plaintiff has not established extraordinary circumstances. See Edmondson, 922 F.3d at 548.

Plaintiff's primary argument for equitable tolling is that the state court judge and plaintiff's prior counsel advised plaintiff that if plaintiff dismissed her state court action, she would have one year to refile. See Opp. at 5-6, 7-8. Plaintiff introduces this argument in her opposition brief to defendant's motion to dismiss and attaches three documents in support of her argument. See id. Plaintiff attached an email exchange with plaintiff's prior counsel and the state court, a motion to withdraw that plaintiff's prior counsel filed in state court, and a letter from plaintiff's prior counsel to plaintiff following counsel's withdrawal. See Pl. Ex. A, ECF No. 12-1; Pl. Ex. B, ECF No. 12-2; Pl. Ex. C, ECF No. 12-3.

"When a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir.1999)). Although plaintiff's attached exhibits provide context for the procedural history of this case, they are not integral to or relied upon by the complaint. Therefore, the court ordinarily ought not consider the information presented therein. See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at

Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

However, even if the court considered the information presented in plaintiff's attachments, that information would not persuade the court that equitable tolling was appropriate. Plaintiff's Exhibit A and Exhibit B demonstrate that plaintiff's prior counsel withdrew as attorney of record in plaintiff's state court case. See Pl. Ex. A, ECF No. 12-1; Pl. Ex. B, ECF No. 12-2. In her January 5, 2024, motion to withdraw, plaintiff's prior counsel suggests that she withdrew because "[p]laintiff has lost confidence in the undersigned." Pl. Ex. B, ECF No. 12-2. In an email to a state court staff member on January 5, 2024, plaintiff states that she "did not have any discussion regarding lack of confidence prior to [plaintiff's prior counsel] submitting the Motion to Withdraw" to the court. Pl. Ex. A, ECF No. 12-1 at 1. In the same email chain, plaintiff's prior counsel provides the state court staff member with plaintiff's "motion to withdraw" with filename "N. Quinn Letter – Dismissal Without Prejudice." Id. at 2. Plaintiff does not include in Exhibit A the attachment plaintiff's prior counsel sent. See id. Plaintiff's Exhibits A and B demonstrate that plaintiff's prior counsel withdrew as plaintiff's counsel, but do not otherwise demonstrate extraordinary circumstances.

Plaintiff's Exhibit C is a letter from plaintiff's prior counsel to plaintiff dated January 8, 2024. See Pl. Ex. C, ECF No. 12-3. In the letter, plaintiff's prior counsel states:

> It was good to see you in Court today so that I could hand you the notice of dismissal without prejudice that you authorized me to file. Under the totality of circumstances, I still believe this was the correct decision.
>
> As Judge Atkins stated, this creates a chance to refile and reboot within one year of today's date. This will give you time to retain another attorney.

13

Id. Plaintiff argues that Exhibit C demonstrates that plaintiff's prior counsel and the state court judge advised plaintiff that she had one year to refile. See Opp. at 7-8. Plaintiff's Exhibit C does not demonstrate that the state court judge, or plaintiff's prior counsel, advised plaintiff that she had one year to refile in federal court, which is where plaintiff filed the instant suit. Exhibit C is not a transcript of the hearing before the state court, and is not persuasive in demonstrating of what plaintiff was advised by the state court. Thus, though Exhibit C does indicate that plaintiff was advised by her prior counsel that she had one year to refile, it makes no distinction between the timing to refile in state court or bring a new federal action. As such, Exhibit C is insufficient to demonstrate extraordinary circumstances to warrant equitable tolling in this federal lawsuit.

Because the court finds that plaintiff has not demonstrated that there were extraordinary circumstances such that equitable tolling would be appropriate, the court must dismiss plaintiff's complaint on statute of limitations grounds. The court therefore **GRANTS** defendant's motion to dismiss, ECF No. 10.

## IV. Conclusion

For the reasons stated above, defendant's motion to dismiss, ECF No. 10, is **GRANTED** and the complaint is **DISMISSED WITH PREJUDICE**.

Entered: July 15, 2015

Michael F. Urbanski
Senior United States District Judge